IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| ACLEKUNLE A. ONATOLU,<br><br>   Plaintiff,<br><br>   v.<br><br>ALETHA WRIGHT SHELTER,<br><br>   Defendant. | Civil No. 25-1129 (RMB-SAK)<br><br>**OPINION** |

**THIS MATTER** comes before the Court upon *pro se* Plaintiff Aclekunle A. Onatolu's Complaint and Application to Proceed *in forma pauperis* ("IFP"). [Docket No. 1.] Plaintiff's IFP application establishes his financial eligibility to proceed without pre-payment of fees and costs and will be granted. 28 U.S.C. § 1915.

When a person files a complaint and is granted IFP status, 28 U.S.C. § 1915(e)(2)(B) requires courts to review the complaint and dismiss claims that are: (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. Courts may also screen and dismiss a complaint under 28 U.S.C. § 1915 for lack of subject matter jurisdiction. *Kaplan v. Garrison*, 2015 WL 5109735, at *1 (D.N.J. Aug. 31, 2015); *see also Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76–77 (3d Cir. 2003) (federal courts can raise lack of subject matter jurisdiction on their own at any time). Courts, however, must liberally construe pleadings that are filed *pro se*. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Plaintiff asserts that the basis for this Court's jurisdiction is a violation of 42 U.S.C. § 1983. [Docket No. 5 at 2.] Section 1983 claims can only be brought against state actors. *See Schneyder v. Smith*, 653 F.3d 313, 319 (3d Cir. 2011). Defendant is a housing shelter, and he has not alleged that it is a state actor. The Court will thus dismiss the Complaint without prejudice.[1] An accompanying Order shall issue.

**February 11, 2025**                                              **s/Renée Marie Bumb**
Date                                                                          RENÉE MARIE BUMB
                                                                                   Chief United States District Judge

---

[1] In the alternative, the Court dismisses the Complaint under Federal Rule 8 which requires that a complaint contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(1)–(2). The Complaint alleges nothing other than "discrimination, lack of housing placement, abuse, threw all my things out, incorrect food." [Docket No. 1 at 3.] These bare allegations are insufficient to meet even the minimal requirements of Rule 8.